IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
DEC 06 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CRIMINAL NO. 22-CR-40052-SMY |
| THERESA A. KELLY, | ) ) | 18 U.S.C. § 1001 |
| | ) | 18 U.S.C. § 1503 |
| Defendant. | ) ) ) | 18 U.S.C. § 1347 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
**Concealing a Material Fact by Trick, Scheme or Device**
**18 U.S.C. § 1001(a)(1)**

1.  At all times material to this indictment:

    a.  Defendant THERESA A. KELLY ("KELLY") was a resident of Herrin, Illinois.

    b.  The Department of Veterans Affairs ("VA") was an agency within the executive branch of the Government of the United States of America.

    c.  KELLY was a licensed clinical psychologist employed by the VA at its medical center located in Marion, Illinois, within the Southern District of Illinois (hereinafter the "VAMC"). KELLY began her employment at the VAMC in February 2003.

    d.  Pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), eligible employees were provided up to 12 weeks of unpaid leave a year for serious health conditions of self.

e.  Pursuant to the Rehabilitation Act of 1973 and the Americans with Disabilities Act, qualified employees with disabilities were entitled to reasonable accommodation to perform the essential functions of a position and enjoy benefits and privileges of employment equal to those enjoyed by employees without disabilities.

2.  From at least November 2016 through August 2020, in Williamson County, within the Southern District of Illinois, and elsewhere, the defendant

**THERESA A. KELLY**

did knowingly and willfully falsify, conceal, and cover up by trick, scheme and device a material fact in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, the fact that she did not have valid medical documentation to support her requests for reasonable accommodations and medical leave.

3.  In furtherance of the scheme, KELLY submitted fraudulent medical documentation as part of the approval process for reasonable accommodations and medical leave. KELLY concealed the fraudulent nature of this medical documentation by submitting additional fraudulent documents as required by her supervisors at the VA.

4.  On or about November 4, 2016, KELLY submitted a request to the VA for a reasonable accommodation pursuant to the Rehabilitation Act of 1973. Later, on June 7, 2017, KELLY applied for approved medical leave from the VA in the form of leave without pay, accrued annual leave, accrued sick leave, and compensatory time off by invoking her entitlement to Family and Medical Leave for a serious health condition of self.

5.  As part of the scheme, and in support of her request for reasonable accommodation, KELLY provided the VA with letters purporting to be from medical providers by the names of "Dr. K. William Dixon" and "Amy J. Aron, Ph.D." These letters detailed the medical providers' alleged treatment of KELLY and her ongoing medical conditions. Contrary to the assertions in

2

these letters, there were no medical providers practicing in the State of Illinois by the names of "Dr. K. William Dixon" and "Amy J. Aron, Ph.D."

6. As further part of the scheme, and in support of her request for approved absence and medical leave, including FMLA leave, KELLY submitted a Certification of Health Care Provider for Employee's Serious Health Condition (Form WH-380-E) completed by "Dr. K. William Dixon." The Form WH-380-E appeared to be signed by "K. William Dixon" and was dated February 13, 2017.

7. Upon receiving approval, KELLY took paid and unpaid leave from her employment with the VA throughout 2017 and 2018, sometimes intermittently and other times in larger blocks.

8. As further part of the scheme, KELLY applied for and received additional approval for paid and unpaid leave in 2019 and 2020 based on medical documentation purportedly signed by Dr. Amar Sawar, a licensed physician practicing in Southern Illinois. The signature of Dr. Sawar was forged on the documents submitted by KELLY.

9. Pursuant to VAMC policy, KELLY's supervisor was required to complete a "Return to Duty" form following the use of five or more consecutive sick leave days, hospitalization, and certain procedures or illnesses. Completion of the "Return to Duty" form was required before KELLY could return to work and required support from a written excuse slip from a medical provider.

10. Between June 2017 and August 2020, Kelly submitted "Return to Duty" forms and other written excuse slips that bore the forged signatures of "Dr. K. William Dixon" and Dr. Victor Byrd, a practicing physician located in Nashville, Tennessee.

11. In furtherance of the scheme to conceal the fraudulent nature of the medical documentation, and in support of her request for approval to take intermittent absences and

3

subsequent requests to return to work, KELLY provided the VA with additional fraudulent medical documentation purportedly signed by "Dr. K. William Dixon" on the following dates: June 6, 2017, August 28, 2017, October 23, 2017, November 14, 2017, November 27, 2017, January 31, 2018, February 2, 2018, March 6, 2018, and March 12, 2018.

12. The VA relied on the validity of the medical documentation provided by KELLY to approve her requests for reasonable accommodation and medical leave.

All in violation of Title 18 United States Code, Section 1001(a)(1).

## COUNT 2
### Making or Using a False Writing or Document
### 18 U.S.C. § 1001(a)(3)

1. Paragraph 1 of Count One of this Indictment is realleged here.

2. On or about March 13, 2018, in Williamson County, Illinois, within the Southern District of Illinois, defendant

**THERESA A. KELLY**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States by submitting a fraudulent medical document to the VA—purportedly signed by "K. William Dixon, M.D."—in connection with her request to return to duty from medical leave.

In violation of Title 18 United States Code, Section 1001(a)(3).

4

## COUNT 3
### Making or Using a False Writing or Document
### 18 U.S.C. § 1001(a)(3)

1.  Paragraph 1 of Count One of this Indictment is realleged here.

2.  On or about March 20, 2020, in Williamson County, Illinois, within the Southern District of Illinois, defendant

**THERESA A. KELLY**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States by submitting a false medical document to the VA—purportedly signed by Dr. Amar Sawar, M.D.—in connection with her request for approval to take medical and other approved leave.

In violation of Title 18 United States Code, Section 1001(a)(3).

## COUNT 4
### Making or Using a False Writing or Document – 18 U.S.C. § 1001(a)(3)

1.  Paragraph 1 of Count One of this Indictment is realleged here.

2.  On or about August 25, 2020, in Williamson County, Illinois, within the Southern District of Illinois, defendant

**THERESA A. KELLY**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States by submitting a false medical document to the VA—purportedly signed by Dr. Victor M. Byrd, M.D.—in connection with her request to return to duty from medical leave.

In violation of Title 18 United States Code, Section 1001(a)(3).

## COUNT 5
### Obstruction of Justice
### 18 U.S.C. § 1503

1. Paragraph 1 of Count One of this Indictment is realleged here.

2. On April 9, 2020, KELLY filed a Complaint in the Southern District of Illinois, styled *Theresa Kelly v. Robert Wilkie, Secretary of Veterans Affairs*, No. 3:20-cv-342-JPG.

3. On August 10, 2020, the Honorable J. Phil Gilbert entered a scheduling order setting the case for trial on May 24, 2021.

4. On October 15, 2020, KELLY filed a motion to stay the proceeding for 60 days as a result of an unspecified medical event. The court granted KELLY's request for a stay and set a status conference for December 16, 2020.

5. On or about December 15, 2020, in Franklin County, within the Southern District of Illinois, and elsewhere, the defendant

**THERESA A. KELLY**

did corruptly endeavor to influence, obstruct, and impede the due administration of justice in *Theresa Kelly v. Robert Wilkie, Secretary of Veterans Affairs*, No. 3:20-cv-342-JPG, in the United States District Court for the Southern District of Illinois by submitting fraudulent medical documentation to her attorney, the contents of which were used to seek a continuance of the judicial proceeding on December 16, 2020.

In violation of Title 18 United States Code, Section 1503.

## COUNT 6
**Health Care Fraud**
**18 U.S.C. § 1347**

1. At all times relevant to this Indictment:

   a. KELLY was a licensed clinical psychologist, licensed in and residing in Illinois, and working within the Southern District of Illinois, and enrolled as a provider in the Medicare program.

   b. KELLY owned a company named TS Onsite Mental Health (hereinafter "TS Onsite").

   c. Shawnee Senior Living, also known as Shawnee Christian Nursing Center, was a residential nursing home facility located in Herrin, Illinois.

   d. The Medicare program ("Medicare") was a "health care benefit program," as defined in Title 18 United States Code, Section 24(b), that affected commerce and provided health insurance benefits to people over the age of 65 and people who suffered from certain disabilities. Medicare was administered by the U.S. Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare and Medicaid Services ("CMS").

   e. Providers seeking reimbursement from Medicare were required to certify that their reported services were actually provided and medically necessary.

2. From at least May 1, 2016 through at least January 31, 2018, in the Southern District of Illinois,

**THERESA A. KELLY**

Defendant herein, knowingly devised a scheme to defraud Medicare, a health care benefit program, by means of materially false and fraudulent pretenses, representations, and promises. This scheme was in connection with the payment for health care services.

7

3. It was the object of the scheme that KELLY would and did submit claims for payment from Medicare to which she was not entitled in the amount of $54,275.

4. According to the Medicare claims submitted by KELLY, all of the psychotherapy services were provided by her at Shawnee Christian Nursing Center.

5. It was a part of the scheme that KELLY submitted and caused to be submitted to Medicare claims for payment for services not provided, including approximately 431 claims for psychotherapy services, including:

- Psychotherapy – 60 minutes (CPT Code 90837),
- Psychotherapy – 45 minutes (CPT Code 90834),
- Psychotherapy – 30 minutes (CPT Code 90832), and
- Psychotherapy for crisis (CPT Codes 90840 and 90839).

6. As part of the scheme to defraud, KELLY submitted claims to Medicare for medical services provided to Medicare beneficiaries when no service was rendered at all.

7. As further part of the scheme to defraud, KELLY submitted claims to Medicare for services provided on dates that she was on approved leave from the VA.

8. On January 31, 2018, in the Southern District of Illinois,

**THERESA A. KELLY**

Defendant herein, knowingly and willfully executed, and attempted to execute the above-described scheme and to defraud Medicare, a health care benefit program as defined in Title 18, United States Code, Section 24(b), and to obtain money from Medicare by means of materially false and fraudulent representations, in connection with the delivery of and payment for health care benefits, items, and services by submitting a claim to Medicare for services not rendered—namely, Psychotherapy – 30 Minutes (CPT Code 90832) to Medicare beneficiary N.S.

In violation of Title 18, United States Code, Section 1347.

A TRUE BILL

███████████
FORE█████████

*Zoe Gross*
ZOE J. GROSS
Assistant United States Attorney

ALMA SUMMERS *(Digitally signed by ALMA SUMMERS, Date: 2022.12.05 15:49:12 -06'00')* for
RACHELLE AUD CROWE
United States Attorney

Recommended Bond: $10,000 unsecured

9